# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LENWOOD GATLING | No. 3:20CR196 (MPS) |

## RULING ON DEFENDANT'S MOTION TO FILE ADDITIONAL PRE-TRIAL MOTIONS

On January 4, 2022, the Defendant filed a motion to "allow the defendant the opportunity to file additional pre-trial motions." ECF No. 101. About a year ago, the Court set a deadline of February 14, 2021, for pretrial motions in this case, and several months ago, the Court reviewed the parties' submissions, heard argument, and ruled on the Defendant's pretrial motion to suppress. After carefully considering the motion to file additional motions, the procedural history of this case, and the applicable law, the Court DENIES the motion for the reasons set forth below.

## I.      Procedural History

The Defendant was arrested on a complaint on October 14, 2020, and has been in pretrial detention since his arrest. On October 19, 2020, a grand jury returned an indictment charging the Defendant with two counts of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c), and possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Defendant is currently represented by Attorney Schaffer, whom the Court recently appointed under the Criminal Justice

Act. Mr. Schaffer is the Defendant's fourth attorney; the previous three attorneys included an Assistant Federal Defender, followed by two retained attorneys, both of whom withdrew with the Court's permission, citing an irretrievable breakdown in their relationship with the Defendant. All three previous attorneys were, in the undersigned's experience, competent and experienced practitioners in federal criminal matters.

On December 9, 2020, the Court held a telephonic status conference with the prosecutor, the Defendant, and his then-counsel. At the conclusion of the conference, the Court made findings under the Speedy Trial Act and set March 3, 2021, as the date for jury selection and January 15, 2021, as the deadline for the filing of pretrial motions. (ECF No. 26.) Since then, the Court extended the motions deadline once (ECF No. 29), the motions hearing date three times, and the trial date three times, with the Court making Speedy Trial Act findings for each extension of the trial date. Many of these extensions were occasioned by the various changes in counsel referred to above.

On February 12, 2021, the Defendant filed a motion to suppress evidence obtained through the use of a pole camera. The Court, after extending the hearing date as noted, heard argument on June 30, 2021, and after argument, denied the motion in a bench ruling.

On November 9, 2021, the Court held an in-court status conference at which the Defendant's then-counsel (his third) made an oral motion to withdraw. After hearing from counsel and the Defendant regarding the state of their relationship outside the presence of the Government, the Court granted the motion and ultimately appointed the Defendant's current attorney, Attorney Schaffer. On December 21, 2021, the Court held a telephonic status conference with Attorney Schaffer, the Defendant, and the prosecutor, after which the Court made findings under the Speedy

2

Trial Act reflecting, among other things, Attorney Schaffer's recent entry into the case, and extended the jury selection date to June 1, 2022.

## II. Discussion

The Defendant has now filed a motion seeking to file additional pre-trial motions and requesting until January 31, 2022 to do so. The motion indicates that the Defendant "would consent to a further continuance of his current jury selection date of June 1, 2022 if necessary to allow enough time for the government to respond and the Court to rule on said motions." ECF No. 101 at 1. The motion goes on to assert that the Defendant "repeatedly requested previously retained counsel to file a motion to suppress an unduly suggestive out of court identification made of defendant, and motions challenging the legal bases of securing search warrants issued in his case." *Id.* at 2. It adds that "prior counsels' refusal to address those important legal issues, among other things, led to the breakdown in [Defendant's] relationships with prior counsel." *Id*. Finally, the motion states that Attorney Schaffer, as recently appointed CJA counsel, has "no independent knowledge of the discussions between Mr. Gatling and his prior attorneys" and does not "know why prior counsel did not file the motions that defendant seeks to file," but that "it appears to [Attorney Schaffer] that defendant has colorable issues that should be addressed in pretrial motions." *Id*.

Rule 12(c)(3) of the Federal Rules of Criminal Procedure states that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." The Second Circuit has held that a defendant seeking to present an untimely defense or legal issue under this provision must make "a showing of: (1) cause for the defendant's non-compliance, and (2) actual prejudice arising from the waiver." *United States v. Howard*, 998 F.21d 42, 52 (2d Cir. 1993)(construing

3

then Rule 12(f), predecessor to Rule 12(c)(3); *see* Advisory Committee Notes describing shifting of Rule 12(f) to Rule 12(e) without substantive change in 2002 and shifting of Rule 12(e) to Rule 12(c)(3) without substantive change in 2014); *see also United States v. Kopp*, 562 F.3d 141, 143 (2d Cir. 2009)(reiterating cause and prejudice standard for untimely filing of motion to suppress).

I find that the Defendant's motion fails to demonstrate either good cause for filing new pretrial motions almost a year after the February 14, 2021 deadline set by the Court (ECF No. 29) or prejudice from an order barring him from filing such motions. First, the defendant's disagreement with his two previous, retained attorneys about the wisdom of filing the additional motions he apparently now seeks to file does not constitute good cause. "The adversary process could not function effectively if every decision required client approval," *Taylor v. Illinois*, 484 U.S. 400, 418 (1988), and criminal defense counsel need not raise even a non-frivolous legal issue at a client's insistence if, in counsel's professional judgment, it is unwise to do so. *Jones v. Barnes*, 463 U.S. 745, 751 (1983)("Neither *Anders* nor any other decision of this Court suggests … that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). It is up to counsel to choose which motions to present to the Court and, here, the Defendant's two previous attorneys, who were involved in the case at the time set by the Court for filing and arguing pretrial motions, decided to file a non-frivolous, but in the undersigned's assessment non-meritorious, motion to suppress pole camera evidence. That motion was fully briefed, argued, and decided by the Court after a hearing – all months ago. While the Defendant is understandably disappointed with the Court's ruling on the motion, the Court has no reason to question the judgment of prior counsel in deciding not to file other motions.

And Attorney Schaffer does not set forth any such reason in the recently-filed motion for leave to file additional motions.  The motion briefly mentions two types of motions the Defendant wanted his previous attorneys to file – a challenge to an out-of-court identification and the vaguely phrased "motions challenging the legal bases of securing search warrants issued in this case."  It does not set forth any further detail about these motions or explain why they might have some merit.  Indeed, it does not even refer specifically to these two types of motions in a later, vaguely worded sentence to the effect that "it appears to [Attorney Schaffer] that defendant has colorable issues that should be addressed in pretrial motions."  Are these "colorable issues" the same as those underlying the two types of motions the Defendant asked but earlier counsel declined to file?  Or are they different?  And why are they "colorable"?  The motion does not say, and so the Court is left to guess what the "colorable issues" might be.  On this record, the Court cannot make a finding that there is good cause to permit the filing of additional motions or that failing to allow the filing of additional motions will prejudice the defendant.

It is worth noting that the Defendant is on his fourth lawyer in this case, and at the November 2021 hearing at which the Court allowed his last attorney to withdraw, that attorney mentioned that the Defendant frequently sent him a large number of emails IN ALL CAPITAL LETTERS from the Wyatt Detention Center.  The undersigned recalls explaining to the Defendant that such conduct might prove difficult for any attorney to handle after a while.  Apart from the fact that the motion to file additional pretrial motions does not show good cause or prejudice, granting the motion would, the undersigned fears, only encourage gamesmanship by permitting a defendant whose chosen counsel (the previous two lawyers were retained) settled on and pursued an unsuccessful motions strategy to receive a second bite at the apple by ousting counsel and pressing newly appointed counsel to file motions that earlier counsel chose not to file.  Finally,

because Defendant will have been in custody for almost 21 months at the time of trial and because the memories of witnesses in this case will not likely improve with further delays, the Court declines to reopen motion practice in a manner that may entail a further delay in the trial.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated:    Hartford, Connecticut
          January 5, 2022