**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> LENWOOD GATLING | No. 3:20cr196(MPS) |

## RULING ON MOTION FOR REDUCTION IN SENTENCE

The defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 178) is granted as set forth below.

Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A district court has broad discretion in deciding a compassionate release motion. *See United States v. Brooker,* 976 F.3d 228, 237 (2d Cir. 2020).

Here, the Court's decision is heavily influenced by the fact that Gatling has completed the imprisonment portion of his sentence. For months he has been living successfully in a halfway house in Bloomfield. He is working full-time. ECF No. 198. The penological purposes of imprisonment have largely been served under the circumstances. As set forth in his submissions, some of which are under seal, his mother's medical situation is deteriorating as a result of a series of strokes. She is unable to be left alone and requires a caregiver. ECF No. 198 at 3. Gatling is ready, willing, and able to provide hands-on care for his mother in her home (or bring her to his if necessary). The defendant's submission demonstrates that he is the only one of his siblings who is able to do so. But he is unable to do so while residing at Drapelick, because, as a result of certain policies at the halfway house, he is unable to have a car on the property and unable to visit his

mother at her home.  *Id.*  Other options for her care are untenable, according to the defendant's submission.  *Id.*  Gatling has a proposed release plan that contemplates caring for his mother after he finishes work and on his days off.

Gatling has met his burden.  One of the extraordinary and compelling reasons for compassionate release included in the Guidelines is the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).  And the section 3553(a) factors have largely been accounted for here, given that Gatling is already in the community.  On this record, the motion for a sentence reduction to time served is granted effective July 29, 2026.

Upon his release from BOP custody, he will begin his period of supervised release, during which all previously imposed conditions will apply.  The four-year period of supervised release to which he was sentenced is extended to include the time he would have served at the halfway house. The following conditions of supervised release are added:  For the first 60 days of his release, Gatling will be on home detention subject to location monitoring by GPS.  He will be permitted to leave his residence to work, care for his mother, visit his daughter, and other activities approved by the probation officer.

Defense counsel shall promptly provide a copy of this order to the United States Probation Office.

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       July 21, 2026

2